# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DERRICK SUTTON, | 1:07-CV-00265 LJO SMS HC |
| Petitioner, | FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS |
| v. | |
| P.L. VASQUEZ, Warden, | |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

## BACKGROUND[1]

On July 16, 2004, Petitioner was convicted in the Kern County Superior Court of possession of cocaine for sale. Petitioner was sentenced to serve a ten years in state prison. Petitioner states he did not appeal his conviction to the California Court of Appeal, Fifth Appellate District (hereinafter "5th DCA"). Petitioner has, however, filed several post-conviction collateral challenges with respect

---

[1] This information is derived from the petition for writ of habeas corpus.

to the pertinent judgment in the state courts.

On February 20, 2007, Petitioner filed the instant federal petition for writ of habeas corpus. The petition contains the following ground for relief: (1) "Petitioner contends that the second search and seizure was warrantless which violated his right under the Fourth Amendment of the U.S. Constitution."

**DISCUSSION**

I. Preliminary Review of Petition

Rule 4 of the Rules Governing Section 2254 Cases provides in pertinent part:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. See Herbst v. Cook, 260 F.3d 1039 (9th Cir.2001).

II. Failure to State a Cognizable Federal Claim

In his petition before this Court, Petitioner claims he was denied due process under the Fourth Amendment when he was subjected to an unreasonable search and seizure.

A federal district court cannot grant habeas corpus relief on the ground that evidence was obtained by an unconstitutional search and seizure if the state court has provided the petitioner with a "full and fair opportunity to litigate" the Fourth Amendment issue. Stone v. Powell, 428 U.S. 465, 494 (1976); Woolery v. Arvan, 8 F.3d 1325, 1326 (9th Cir. 1993), *cert denied*, 511 U.S. 1057 (1994). The only inquiry this Court can make is whether petitioner had a fair opportunity to litigate his claim, not whether petitioner did litigate nor even whether the court correctly decided the claim. Ortiz-Sandoval v. Gomez, 81 F.3d 891, 899 (9th Cir. 1996); see also, Gordon v. Duran, 895 F.2d 610, 613 (9th Cir. 1990) (holding that because Cal. Penal Code § 1538.5 provides opportunity to challenge evidence, dismissal under Stone was necessary).

The policy behind the Stone Court's analysis is that the exclusionary rule is applied to stop future unconstitutional conduct of law enforcement. Stone, 428 U.S. at 492. However, excluding

evidence that is not untrustworthy creates a windfall to the defendant at a substantial societal cost. See Stone, 428 U.S. at 489-90; Woolery, 8 F.3d at 1327-28. Thus, the Ninth Circuit has described the rationale for this rule by saying:

> The holding is grounded in the Court's conclusion that in cases where a petitioner's Fourth Amendment claim has been adequately litigated in state court, enforcing the exclusionary rule through writs of habeas corpus would not further the deterrent and educative purposes of the rule to an extent sufficient to counter the negative effect such a policy would have on the interests of judicial efficiency, comity and federalism.

Woolery, 8 F.3d at 1326; see also Stone, 428 U.S. at 493-494.

In this case, Petitioner's Fourth Amendment claim was litigated through a suppression hearing pursuant to Cal. Penal Code § 1538.5 in the Kern County Superior Court. See Petition at 3-4; see also Petition at unnumbered pages 8-12.[2] After an evidentiary hearing, the trial court denied the motion. Therefore, it is clear the state court provided Petitioner with a "full and fair opportunity to litigate" his Fourth Amendment claim. Stone v. Powell, 428 U.S. 465, 494 (1976). Pursuant to Stone v. Powell, the Court cannot grant habeas relief. The petition should be dismissed with prejudice.

**RECOMMENDATION**

Accordingly, the Court RECOMMENDS that the petition for writ of habeas corpus be DISMISSED with prejudice.

This Findings and Recommendation is submitted to the Honorable Lawrence J. O'Neill, United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. §

---

[2] The attached memorandum submitted by Petitioner is apparently a copy of the brief in support of his motion to suppress filed on May 28, 2004, in the trial court.

1  636(b)(1)(C). The parties are advised that failure to file objections within the specified time may

2  waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

3  IT IS SO ORDERED.

4  **Dated:    May 3, 2007**                        <u>     /s/ Sandra M. Snyder     </u>
                                                    UNITED STATES MAGISTRATE JUDGE